UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MAXIMILIANO IXTEPAN and INES ZALA, Natural Father and Mother of JOAQUIN IXTEPAN, Deceased,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BEELMAN TRUCK COMPANY, INC., and KENNETH WEAVER,<br><br>    Defendants. | Case No. 1:14CV00142 AGF |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on the separate motions of Defendant Beelman Truck Co., Inc. ("Beelman") and Defendant Kenneth Weaver to dismiss Counts III and IV of Plaintiffs' amended complaint for failure to state a claim for punitive damages or to strike Counts III and IV. In the alternative, Defendants move for a more definite statement with respect to these counts. For the reasons set forth below, Defendants' motions shall be denied.

## BACKGROUND

Plaintiffs Maximiliano Ixtepan and Ines Zala filed this tort action in state court, seeking to recover damages for the wrongful death of their son as a result of Defendants' negligence in connection with a motor vehicle accident. On July 25, 2014, Weaver, while in the course and scope of his employment with Beelman, was operating a tractor-trailer when it collided with a vehicle in which the decedent was a passenger. The action was removed to this Court based on diversity jurisdiction. Plaintiffs' amended complaint

alleges that Weaver breached his duty of care and was negligent in failing to keep a proper lookout, failing to yield to the vehicle in which decedent was a passenger, ignoring a stop sign, making an improper left turn, and operating the tractor-trailer with a suspended license. Counts III and IV of the amended complaint ask for punitive damages, alleging that Weaver "turned left and pulled his 60 ton tractor trailer onto Highway 51 from Route H in front of decedent passenger Ixtepan's oncoming pick-up and trailer when he knew or had reason to know that doing so was substantially likely to cause physical harm and/or death." (Doc. No. 14-1 at 5.)

In support of their motions to dismiss or strike Counts III and IV, both Defendants argue that Plaintiffs fail to sufficiently plead a claim for punitive damages and that Plaintiffs' amended complaint contains "only conclusory allegations and conclusions of law." (Doc. No. 23 at 2.) In addition, Defendants argue that an award of punitive damages would violate their due process rights and equal protection rights under the federal and state constitutions.

## **DISCUSSION**

When considering a motion to dismiss for failure to state a claim, the Court assumes the facts stated in the complaint to be true and construes the complaint liberally in the light most favorable to the plaintiffs. *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3d 928, 933–34 n.4 & 5 (8th Cir. 2012). Plaintiff's allegation "must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This diversity action is governed by Missouri law, and this Court is bound by the

2

decisions of the Missouri Supreme Court regarding issues of substantive state law. *See Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005). Under Missouri law, punitive damages may be awarded in a negligence case if the defendant "showed complete indifference to or a conscious disregard for the safety of others." *King v. Taylor Exp., Inc.*, No. 4:13CV1217 TCM, 2013 WL 5567721, at *2 (E.D. Mo. Oct. 9, 2013) (citation omitted). Additionally, Missouri allows evidence of a failure to follow motor carrier regulations and statutes to support a claim for punitive damages. *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 160 (Mo. 2000); *Coon v. Am. Compressed Steel, Inc.*, 207 S.W.3d 629, 638–39 (Mo. Ct. App. 2006).

Here, Plaintiffs' allegations that Weaver "turned left and pulled his 60 ton tractor trailer…when he knew or had reason to know that doing so was substantially likely to cause physical harm and/or death," especially when combined with the allegations that Weaver ignored a stop sign and made an improper left turn are sufficient to state a claim under Missouri law for punitive damages. *See Miller v. DNJ Intermodel Servs., LLC*, No. 2:13-CV-80-SPM, 2013 WL 6159116, at *2 (E.D. Mo. Nov. 25, 2013) (holding that allegations that Defendant knew his vehicle was not running properly, operated his vehicle at an excessive rate of speed, and was "recklessly indifferent" to the safety of plaintiff and others were sufficient to state a claim for punitive damages); *King*, 2013 WL 5567721, at *2 (holding that allegations that Defendant acted in "complete indifference to or a conscious disregard of" others' safety when changing lanes and violating Missouri statutes governing "the regulation of traffic" were sufficient to state a claim for punitive damages).

The Court agrees with Plaintiffs that Defendants' constitutional arguments are

without merit. Punitive damages may be awarded in wrongful death cases without violating the United States or Missouri Constitutions. *Call v. Heard*, 925 S.W.2d 840, 849 (Mo. 1996); *Miller*, 2013 WL 6159116, at *3. Lastly, Defendants' alternative motions for a more definite statement are without merit. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 807 (8th Cir. 2013) (holding that the federal rules require only notice pleading through a short and plain statement of the claim showing that the pleader is entitled to relief).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Kenneth Weaver's and Beelman's motions to dismiss or strike, of for a more definite statement, are **DENIED**. (Doc. No. 23, 26).

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2014.