UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MAXIMILIANO IXTEPAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:14CV00142 AGF |
| BEELMAN TRUCK COMPANY, et al. | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This wrongful death action is before the Court on Defendants' motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs Maximiliano Ixtepan and Ines Xala, father and mother of Decedent Joaquin Ixtepan, bring this action against Beelman Truck Company ("Beelman Truck") and Kenneth Weaver, claiming negligence in connection with a motor vehicle incident in which Decedent was killed. Decedent's wife is pursuing wrongful death claims against the same Defendants, based on the same incident, in an action currently pending in Illinois state court. For the reasons set forth below, this action will be stayed, rather than dismissed, pending resolution of the matter in Illinois state court.

## BACKGROUND

The incident that gives rise to the two lawsuits occurred on July 25, 2014, at a highway intersection in Perry County, Missouri. Plaintiffs allege that Weaver, while in the course and scope of his employment for Beelman Truck, was operating a tractor-

trailer when he attempted to make a left turn onto the highway. Decedent was a passenger in a van which collided with Weaver's tractor-trailer as it pulled out into Decedent's lane of travel. The driver of the van was Omar Lira.

On August 19, 2014, Decedent's wife, Amber Ixtepan, was appointed Independent Administrator of Decedent's estate by the Circuit Court of Shelby County, Illinois. (Doc. No. 36-2.) On August 22, 2014, Amber Ixtepan filed a wrongful death action in the Circuit Court of Cook County, Illinois, against the same Defendants as in this case, pursuant to the Illinois Wrongful Death Act (740 ILCS 180/1) and the Illinois Survival Act (755 ILCS 5/27-6). (Doc. No. 36-3.) She asserted that the Illinois venue was proper because Decedent was a resident of Illinois, Weaver is a resident of Illinois, and Beelman Truck has its corporate headquarters in Illinois.

On August 28, 2014, Plaintiffs filed the instant action pursuant to the Missouri Wrongful Death Statute (Mo. Rev. Stat. § 537.080(1)) in the Circuit Court of Perry County, Missouri, seeking to recover damages for the wrongful death of their son in the same accident. Plaintiffs asserted that the Missouri venue was proper because the incident which gives rise to the action occurred in Missouri. Plaintiffs' case was removed to this Court on October 6, 2014, based on diversity jurisdiction. Defendants filed their answer on October 10, 2014, raising as an affirmative defense failure to state a claim.

On October 14, 2014, Defendants filed a motion in the Illinois action to dismiss Amber Ixtepan's complaint. (Doc. No. 38-3.) Defendants argued that dismissal of the Illinois action was proper because Decedent's parents filed the present cause of action

2

against Defendants in Missouri. (Doc. No. 38-3.) On October 20, 2014, Defendants filed a third-party complaint in the instant case against the estate of Lira, an Illinois citizen, asserting contributory negligence. (Doc. No. 17.) On November 11, 2014, the estate of Lira filed an answer.

On November 13, 2014, Defendants filed a reply in support of their motion to dismiss the Illinois action. In that reply, Defendants argued that the filing time of the two actions is not determinative, and that "[t]he Missouri case can proceed regardless of what happens with [the Illinois] case." (Doc. No. 38-4 at 1, 3.)

On January 6, 2015, Defendants filed their motion to dismiss the instant case. They assert that Mo. Rev. Stat. § 537.080 permits only one cause of action for the death of any one person against any single defendant. Defendants further assert that, under the statute, any Class I representative has a right to file suit for the death of Decedent, but that there can only be one recovery. Defendants note that Amber Ixtepan, as the wife of Decendent, and Plaintiffs, as the mother and father of Decedent, are Class I representatives under the statute. Defendants contend that because Amber Ixtepan's action was first filed, Plaintiffs' instant action is barred under the Missouri statute, and thus should be dismissed for failure to state a claim. Defendants attached to their motion the court order appointing Amber Ixtepan the representative of Decedent's estate, and Amber Ixtepan's complaint filed in Cook County, Illinois.

In response to Defendants' motion to dismiss the instant case, Plaintiffs first argue that the motion should be denied because it was not timely filed, as it was not filed before, or contemporaneously with, Defendants' answer as required by Federal Rule of

3

Civil Procedure 12(b).  Alternatively, Plaintiffs argue that because the motion includes documents outside the pleadings, it should be treated as a Rule 56 motion for summary judgment.  Lastly, Plaintiffs argue that Defendants' motion is "disingenuous" in light of Defendants' contemporaneous motion to dismiss Amber Ixtepan's complaint in Illinois; the Illinois motion to dismiss is attached to Plaintiff's response.

In reply, Defendants first argue that their motion was timely filed.  Defendants assert that pursuant to Rule 12(h)(2), they preserved the defense of failure to state a claim as they raised it in their answer as an affirmative defense.  Alternatively, Defendants assert that the Court may treat their motion as one for judgment on the pleadings under Rule 12(c).  Next, Defendants argue that their exhibits should not be considered as "outside the pleadings," because they are referenced, relied upon, and attached to the motion to dismiss, and because the documents are public records.  Lastly, Defendants argue their filing of motions to dismiss in both the Missouri and the Illinois cases was not disingenuous because, "pursuant to Missouri law, there can only be one cause of action for which relief can be granted and currently there are two causes of action pending." (Doc. No. 41 at 4.)

In their surreply, Plaintiffs again argue that Defendants' motion is not timely, that it includes documents outside the pleadings, and that, if the Missouri case is dismissed, Plaintiffs will be barred from recovery under the Illinois Wrongful Death Act.  Plaintiffs assert that, under Illinois law, "the parents of a decedent whose spouse survives take none of the decedent's property because they are not the decedent's 'next of kin' per the Act and they have no cause of action under the Act."  (Doc. No. 44 at 4.)

**DISCUSSION**

As noted above, Plaintiffs first argue that Defendants' motion should be denied because it was not timely. Under Rule 12(b), a motion asserting any Rule 12(b) defense "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, technically a Rule 12(b)(6) motion cannot be filed after an answer has been submitted. However, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may be advanced in a motion for judgment on the pleadings under Rule 12(c), and courts customarily treat such 12(b)(6) motions as if they had been styled as a 12(c) motion. *See, e.g.*, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The distinction is purely formal, because a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss. *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009); *see also NanoMech, Inc. v. Suresh*, No. 13–3671, 2015 WL 479928, at *4 (8th Cir. Feb. 6, 2015). The Court will not refuse to consider Defendants' motion because it was styled as a Rule 12(b)(6) motion.

Plaintiffs also argue that Defendants' motion to dismiss should be treated as a motion for summary judgment, because it includes document outside the pleadings. Although "the court generally must ignore materials outside the pleadings" when considering motions for judgment on the pleadings, the court "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ginsburg v. InBev NV/SA*, 649 F. Supp. 2d 943, 946 (E.D. Mo. 2009); *see also Faibisch v. Univ. of Minn.*, 304 F.3d 797,

5

802 (8th Cir. 2002). Here the documents at issue (the court order appointing Amber Ixtepan the representative of Decedent's estate, and Amber Ixtepan's complaint filed in Illinois state court) are a matter of public record. Therefore, Plaintiffs' argument that the Court should treat this as a motion for summary judgment is without merit.

As noted above, Plaintiffs argue that if this case is dismissed they will have no recourse because under the Illinois Wrongful Death Act, the parents of a decedent with a surviving spouse have no cause of action. While it is true that generally the parents of a decedent with a surviving spouse have no cause of action under the Illinois Act, *see, e.g.*, *Miller v. Kramarczyk*, 306 Ill. App. 3d 731 (1999), there is every reason to believe that the Illinois court will apply Missouri substantive law to Amber Ixtepan's case before it, because the accident occurred in Missouri, *see, e.g.*, *Estate of Webb v. Union Pac. R. Co.*, 2012 IL App (5th) 100607-U (Ill. App. March 6, 2012). Thus there should be no bar to Plaintiffs intervening in that case.

The Court believes that the "first to file" rule should apply here. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (adopting the "first to file" rule that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case). Rather than dismiss the instant action, however, the Court will stay it to preserve Plaintiffs' opportunity to recover under the applicable Missouri law, should they be entitled to do so. *Cf. C.H. v. M & D Freight*, No. 4:08CV1304 CDP, 2008 WL 5396835, at *2-3 (E.D. Mo. Dec. 23, 2008) (staying the wrongful death action filed in Missouri by the mother of a decedent, where the father of the decedent's children had earlier filed a wrongful death suit in Illinois arising out of the

6

same accident that occurred in Missouri; holding that "[t]he Illinois court will be able to resolve the issues of whether [the father] is a proper plaintiff, which wrongful death statute to apply, and whether [the mother] may intervene or recover"). Defendants' third-party complaint against the estate of Lira will also be stayed, as Lira was a citizen of Illinois, and Defendants can pursue a similar action against his estate in the Illinois action.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, which is construed as a motion for judgment on the pleadings, is **DENIED**, and this case is **STAYED** pending resolution of the Illinois state court case. The Clerk's office is directed to administratively close this case.

**IT IS FURTHER ORDERED** that the parties shall file a report regarding the status of the Illinois state court case on **September 30, 2015**, and every **six months thereafter**, and within ten days of the final disposition of the Illinois state case, Plaintiffs shall file a notice of such disposition with this Court stating whether they intend to proceed with this case.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2015.